RLeBLANC, Judge.
Defendant, Jeffery A. Highfill, was charged by bill of information with third offense driving while intoxicated (DWI), in violation of La.R.S. 14:98. He pled not guilty and filed a motion to quash. After a hearing, the trial court denied the motion. Defendant withdrew his not guilty plea and pled guilty as charged, reserving his right to appeal the trial court’s denial of the motion to quash. See State v. Crosby, 338 So.2d 584 (La.1976). He received a sentence of eighteen months at hard labor, including six months without benefit of parole, probation, or suspension of sentence, with credit for time served. Defendant has appealed, alleging as his only assignment of error that the trial court erred in denying his motion to quash.
*381 Because there was no trial, there is very little factual information about the instant offense. The following facts are derived from the prosecutor’s statement of a factual basis during the guilty plea proceeding. On August 14, 1993, defendant was driving a car on the Causeway Bridge in St. Tammany Parish. A Causeway police officer stopped defendant after observing his car cross the centerline on several occasions. The officer noticed that defendant smelled of alcohol, had slurred speech, and swayed when he walked. Defendant failed a field sobriety test. He was placed under arrest and taken to the Causeway police station, where a subsequent chemical test for intoxication revealed defendant had a blood alcohol level of .249 grams percent.
In his only assignment of error, defendant contends the trial court erred in denying the motion to quash. Specifically, he argues on appeal that the new ten-year cleansing period is not applicable to him and, therefore, the trial court should have quashed the instant bill of information charging him with a third offense DWI.
Defendant was arrested on March 6, 1987, and charged with first offense DWI. He pled guilty as charged and was sentenced on September 15, 1987. The defendant again was arrested for DWI on June 28, 1992. He pled guilty to second offense DWI and was sentenced on August 14, 1992. Act 669, § 1, of 1993 amended La.R.S. 14:98F(2) to provide for a ten-year cleansing period instead of the five-year period ^previously provided by this statute. The effective date of this amendment was June 21, 1993. Defendant committed the instant offense on August 14, 1993.
The present case is governed by State v. Rolen, 95-0347 (La. 9/15/95), 662 So.2d 446, in which the Louisiana Supreme Court considered the exact issue raised in this case. In Rolen, the Supreme Court held application of the enlarged ten-year cleansing period under La.R.S. 14:98(F) does not violate the Ex Post Facto Clauses of the federal and state constitutions when applied to an offender who committed his last DWI offense after the effective date of the amendment, but more than five years after the commission of his previous DWI offense. The Supreme Court reasoned that an offender who commits a DWI after the effective date of the amendment “had been placed on notice by the state that the definition of ‘prior conviction’ in former La.R.S. 14:98 had changed and that he could no longer rely on the former five-year cleansing period to abate the collateral consequences of his prior D.W.I. offense for any future violation of the statute.” The Supreme Court further stated that:
Enlarging or even eliminating a statutory cleansing period does not require an individual to defend his past acts charged against him, for which he has already been convicted and punished, but to measure his future conduct in light of the legislature’s changing perception of significant social problems. State v. Rolen, 95-0347, pp. 5-6.
Under the holding of Rolen, the ten-year cleansing period now provided by La.R.S. 14:98(F) is applicable to defendant herein. Accordingly, the trial court correctly denied defendant’s motion to quash. This assignment of error lacks merit.
CONVICTION AND SENTENCE AFFIRMED.